**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BRUNSON ROBERTS**                                                                **PLAINTIFF**

**VS.**                              **CASE NO. 4:05CV000082 JMM**

**OFFICERS BRAD ABBOTT, ET. AL.**                                         **DEFENDANT**

**ORDER**

Pending before the Court is defendants' Second Motion to Dismiss and plaintiff's

response.  For the reasons stated below, the motion is granted in part and denied in part (#89).

Plaintiff brought his complaint against various police officers in their individual

capacities and against the City of North Little Rock, Arkansas, pursuant to 42 U.S.C. § 1983

alleging violations of his 4th, 5th, 6th, 8th , 9th, 13th and 14th  Amendments to the United States

Constitution.[1]  Plaintiff also brings a state claim of false arrest.   Defendants' motion seeks

dismissal for failure to state a claim.

Plaintiff's claims are based upon a series of arrest by North Little Rock, Arkansas, and

Pulaski County officers occurring in November of 2001, and in April and May of 2002 which he

contends violated his rights because there were no arrest warrant, no outstanding warrant, and no

probable cause to support any arrest or the searches incident to these arrests.  In support of his

response, plaintiff has filed various documents which he asserts prove that an alleged outstanding

---

[1]Plaintiff, in his response to the pending motion, agrees that he has abandoned his 6th and 8th Amendment claims.

warrant which served as the basis for many of his arrest did not exist.

In reviewing a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint, and determine based upon these allegations if the plaintiff has stated a claim. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544 (8th Cir. 2008) (citations omitted). "The plaintiffs need not provide specific facts in support of their allegations, but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (citations omitted). Nonetheless, when ruling on the motion to dismiss, the court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir.2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss").

Based upon the pleadings, public records presented by the plaintiff and the allegations in the third amended complaint, plaintiff's claims against Allison, Barnes, Schwulst, and Havins based upon the November 19, 2001 arrest are dismissed as untimely because more than three years has elapsed since the arrest was made, *see Baker v. Chisom*, 501 F.3d 920 (8th Cir. 2007) (§ 1983 claims in Arkansas are subject to a three-year statute of limitations)[2] and plaintiff's claims against Ford, Carmichael, Jackson, and Hunter based upon the April 17, 2002 arrest are dismissed because plaintiff admits in his complaint that he was subsequently found guilty of charges resulting from that arrest, *see Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir.1990)

---

[2]Plaintiff's initial complaint was filed on January 24, 2005, which is more than three years from November 19, 2001.

(conviction is defense to § 1983 claim of arrest without probable cause).

The claims against defendants Rhodes, Lingo, Dersey, Broach, Gorea, Neff, Chance, Dukes, Henderson, Jackson, McMoran, and Miller are dismissed as plaintiff fails to make any factual claims against them other than naming them in the caption of the complaint. The claims against the Pulaski County Sheriff's office and officers are dismissed as plaintiff failed to serve them with a summons and complaint. *See* Federal Rules of Civil Procedure 4.

Based upon an affidavit of arrest submitted by plaintiff, defendant Scherrey's arrest of plaintiff was based upon his investigation of an incident which occurred on June 1, 2002 and resulted in plaintiff's arrest for possession of a firearm, possession of defaced firearm, and terroristic threatening. Because there was probable cause for plaintiff's arrest, the claims against Scherrey are dismissed.

The remaining claims are against (1) defendant Schwulst based upon plaintiff's arrest on May 18, 2002; (2) defendant Gravett based upon plaintiff's arrest on June 2, 2002, (3) defendant Abbot based upon plaintiff's arrest on June 4, 2002; and (4) the City of North Little Rock based upon their alleged custom and policy of using nonexistent outstanding warrants to arrest people.

Plaintiff alleges that Abbot arrested him on June 4, 2002 while plaintiff was getting his cigarettes out of his parked car and that there was no basis for the arrest. In plaintiff's first complaint he stated that he was arrested for failing to sign a ticket which Abbot issued based upon a suspended car license. Plaintiff does not dispute that his car license had been suspended or that he repeatedly refused to sign the ticket which led to his being handcuffed. Plaintiff states that he was released shortly thereafter when another officer and his mother, who advised him to sign the ticket, arrived on the scene. Assuming all these facts as true, Abbot had probable cause

3

to handcuff plaintiff based upon plaintiff's admittedly repeated failure to sign the ticket. The claims against Abbot are dismissed.

Plaintiff alleges that Schwulst and Gravett made their arrests based upon a nonexistent outstanding warrant which the officers knew did not exist, and that the North Little Rock Police Department had a policy and custom of arresting individuals on nonexistent outstanding warrants for harassment purposes.

Schwulst and Gravett contend that they are entitled to qualified immunity as they arrested plaintiff based upon their belief that there was an outstanding warrant. One of the documents presented by plaintiff establishes that the District Court Clerk of the North Little Rock District Court issued a Warrant of Arrest on May 23, 2002 and that defendant Gravett's arrest of plaintiff on June 2, 2002 was premised upon this warrant. Because Gravett reasonably believed that there was an outstanding warrant justifying plaintiff's arrest on June 2, 2002, the claims against Gravett are dismissed.

To the extent that plaintiff continues to bring 9th and 13th Amendment claims against all defendants, they are dismissed as he has failed to state any facts which would support these claims.

Plaintiff's 5th Amendment claims are dismissed because plaintiff has failed to make any allegations that he had taken any steps to avail himself of Arkansas post-deprivation remedies. *See Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir.1998) (in § 1983 action, holding that plaintiffs' due process rights were not violated because, even if property was unreasonably seized during search, Arkansas provides adequate state post-deprivation remedies that satisfy due process).

Assuming the remaining allegations are true, plaintiff has stated a 4th Amendment claim against Schwulst in his individual capacity to be free from unreasonable search and seizure and a 14th Amendment claim based upon a denial of due process.  Schwulst would not be entitled to qualified immunity as plaintiff had a clearly established right to be free from an unreasonable search and seizure, and Schwulst's action of arresting him when he allegedly knew that there was no outstanding arrest warrant for plaintiff would not be objectively reasonable.

A review of the dismissed and remaining claims reflects that there is only one claim that a North Little Rock officer knowingly arrested plaintiff without probable cause.  One incident is insufficient to state a claim that the City of North Little Rock had a policy or custom of making arrest based upon nonexistent outstanding warrants for harassment purposes.  *See Davison v. City of Minneapolis, Minn.,* 490 F.3d 648 (8th Cir. 2007).  Plaintiff has failed to state a claim against the City of North Little Rock and these claims are dismissed.

Defendants' Motion to Dismiss is granted as to all defendants on all claims except the 4th and 14th Amendment claims against Schwulst.

IT IS SO ORDERED THIS   31   day of     March  , 2008.


_____
James M. Moody
United States District Judge