IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BRUNSON ROBERTS                                                                                    PLAINTIFF

VS.                                    CASE NO. 4:05CV000082 JMM

JOHN SCHWULST.                                                                                    DEFENDANT

ORDER

Pending before the Court is defendant's Motion for Summary Judgment and plaintiff's response. For the reasons stated below, the motion is granted (#106).

Plaintiff brought his complaint against various police officers in their individual capacities and against the City of North Little Rock, Arkansas, pursuant to 42 U.S.C. § 1983 alleging violations of his 4th, 5th, 6th, 8th, 9th, 13th and 14th Amendments to the United States Constitution.[1] Plaintiff also brought a state claim of false arrest

Plaintiff's claims were based upon a series of arrests by North Little Rock, Arkansas, and Pulaski County officers occurring in November of 2001, and in April and May of 2002 which he contends violated his rights because there were no arrest warrant, no outstanding warrant, and no probable cause to support any arrest or the searches incident to these arrests.

---

[1] Plaintiff, in his response to the pending motion, agrees that he has abandoned his 6th and 8th Amendment claims.

On March 31, 2008, the Court dismissed all claims with the exception of the 4th and 14th Amendment claims against Schwulst based upon plaintiff's arrest on May 18, 2002.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds.  *Seymour v. City of Des Moines*, 519 F.3d 790, 796 (8th Cir. 2008); Fed. R. Civ. P. 56.  The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact.  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir. 1995).

Defendant has submitted a copy of arrest warrant # 38178 which led to plaintiff's May 18th arrest.  However, plaintiff points out that the warrant listed on the May 18th arrest report is listed as #38187 which is not the same number as the warrant submitted by defendant.  This inconsistency, plaintiff contends, is evidence that Schwulst arrested him without a valid warrant.

Plaintiff's argument is without merit.  Schwulst testimony is that he inadvertently transposed two of numbers of the outstanding warrant on the arrest report.  Moreover, the charges for which arrest warrant #38178 was issued are the same as those listed on the arrest report.

Because plaintiff's arrest on May 18, 2002, was based upon a valid outstanding warrant there can be no constitutional violation.  If there is no constitutional violation, plaintiff's § 1983 claim and any remaining claim of false arrest are without merit.  *See Hart v. City of Little Rock*, 432 F.3d 801, 804 (8th Cir. 2005) (§ 1983 plaintiff must prove the violation of a constitutional

right); *Headrick v. Wal-Mart Stores, Inc.,* 293 Ark. 433, 738 S.W.2d 418 (1987) (False arrest or false imprisonment is "the unlawful violation of the personal liberty of another, consisting of detention without sufficient legal authority.").

Plaintiff's complaint is dismissed and Judgment will be entered accordingly.

IT IS SO ORDERED THIS  9  day of   September  , 2008.

_____
James M. Moody
United States District Judge